**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4408**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DEBRA M. MOSES,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:16-cr-00006-GMG-RWT-1)

Submitted: December 15, 2016        Decided: December 19, 2016

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Martinsburg, West Virginia, for Appellant. Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Debra M. Moses appeals the 24-month sentence imposed following her guilty plea to mail fraud, in violation of 18 U.S.C. § 1341 (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the substantive reasonableness of the selected sentence. Moses filed a pro se supplemental brief in which she asserts that counsel was ineffective at sentencing.* We affirm.

When reviewing a sentence for reasonableness, we apply "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We first examine the sentence for "significant procedural error." Id. If there is none, we "then consider the substantive reasonableness of the sentence . . . , tak[ing] into account the totality of the circumstances." Id. We presume on appeal that a sentence within the Sentencing Guidelines range established by the district court is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). An appellant rebuts that presumption only "by showing that the

---

* Although Moses points to several ways in which she asserts counsel's performance at sentencing was constitutionally deficient, ineffective assistance does not conclusively appear on this record. Thus, Moses' argument is more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. See United States v. Baldovinos, 434 F.3d 233, 239 & n.4 (4th Cir. 2006).

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." Id.

We conclude that Moses has not rebutted the presumption of reasonableness accorded to her within-Guidelines sentence. The transcript of the sentencing hearing reveals that the district court evaluated the totality of the circumstances—including the specific factors emphasized by Moses on appeal—prior to imposing sentence. The court nonetheless concluded that, in light of the seriousness of the offense conduct underlying Moses' conviction, a 24-month sentence was appropriate. We will not reweigh these factors on appeal. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's second amended criminal judgment. This court requires that counsel inform Moses, in writing, of the right to petition the Supreme Court of the United States for further review. If Moses requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moses. We dispense with

3

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED